IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELVIN ANTHONY WEST,                )
                                    )
        **Plaintiff,**         )
                                    )
   v.                           )       1:09CV754
                                    )
ROWAN COUNTY DISTRICT 19C,          )
et al.,                             )
                                    )
        **Defendant(s).**      )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the complaint is such that serious flaws make it impossible to further process this complaint. The problems are:

1. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

2. Plaintiff has, for the most part, not named proper defendants. Plaintiff has sued two prosecutorial districts, which are not persons under § 1983. Plaintiff must name the entities who are actually responsible for the alleged violations of his constitutional rights. This must include the individual(s) who acted or failed to act. Only then may Plaintiff name entities who are not persons but who are responsible for the actions of the persons who Plaintiff has named. To any extent that Plaintiff means to name individual prosecutors, he has been informed in a past action in this Court that individual prosecutors are generally immune from suits for damages under § 1983.

3. Plaintiff has named one individual defendant, police investigator Cheryl H. Hearne. However, his allegations against her are not sufficient to state a coherent claim for relief at this point. The allegations against Hearne, which are scattered throughout a lengthy narrative describing mainly the actions of persons not named as defendants, are that she (1) checked Plaintiff's criminal record on computer shortly before he was charged with a crime, (2) signed as a witness on a statement given by a robbery victim who claims that Plaintiff was one of the persons who robbed and assaulted him, (3) spoke in private to a magistrate before Plaintiff was placed under a $250,000 bond, (4) sat with a district attorney and gave her two contradictory statements from the previously mentioned robbery victim at the time that witness took the stand against Plaintiff during a hearing, and (5) documented a visit to a police station by another robbery victim. It is not a violation of the constitution to check a suspect's record, collect statements from witnesses, document their visits, pass investigatory information to a prosecutor, or speak with a judicial officer prior to a bond hearing. Plaintiff frequently complains that the witness statements contradict each other or are contrary to other evidence or testimony in the case against him. Even if so, it is not a violation to simply collect the statements or give them to the prosecuting attorney. His real complaint is an overarching conspiracy by many persons to unjustly prosecute him. However, he makes no allegations against Hearne beyond those set out above.

Consequently, this particular complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (e)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Plaintiff § 1983 forms,

instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (e)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: October 15, 2009